IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00732-EWN-KMT

GARY JAY NEUGER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON
DEFENDANT'S MOTION TO DISMISS**
_____

    This matter is before the court pursuant to an Order of Reference to the United States Magistrate Judge issued by District Judge Edward W. Nottingham on May 18, 2007 [Doc. No. 10].

**Procedural History**

    Gary Jay Neuger filed a Petition to Quash Summons pursuant to Title 26 U.S.C. §7609 concerning an Internal Revenue Service ("IRS") Summons issued to TD Ameritrade, Inc. in Bellevue, Nebraska. ("Petition [Doc. No. 1, filed April 10, 2007]). The "United States Motion to Dismiss" was filed on May 17, 2007. ("Motion" [Doc. No. 9]) alleging a lack of jurisdiction. By Minute Order dated May 21, 2007, the court ordered the petitioner to file his response to the Motion twenty days from the date of the order. To date no response has been filed and no further activity has occurred in the case.

### A. The United States has Sovereign Immunity.

Federal courts are courts of limited jurisdiction and, as such, are empowered to hear only those cases that the U.S. Constitution and Congress grant them authority to consider. *Finley v. United States*, 490 U.S. 545, 548 (1989). In a suit brought against the United States, the courts may only exercise subject matter jurisdiction if there has been a waiver of sovereign immunity. *Bryan v. Office of Personnel Management*, 165 F.3d 1315, 1318 (10th Cir. 1999); *Sierra Club v. Lujan*, 972 F.2d 312, 314 (10th Cir. 1992). *See also United States v. Dalm*, 494 U.S. 596, 608 (1990).

Statutes that are claimed to be waivers of sovereign immunity must be strictly construed against such surrender. *Bryan*, 165 F.3d at 1318. If sovereign immunity has not been waived, the court lacks subject matter jurisdiction to hear the claim and it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g., Cannon v. United States*, 338 F.3d 1183, 1191 (10th Cir. 2003).

Subject matter jurisdiction is a threshold question of law. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "Subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place," so a 12(b)(1) inquiry must precede an adjudication on the merits. *Stuarte v. Colorado Interstate Gas Co.*, 130 F. Supp. 2d 1263, 1265 (D. Wyo. 2000) (*quoting* 5A Wright and Miller, *Federal Practice and Procedure,* § 1350 (Supp. 2000)) *affd.* 271 F.3d 1221 (10th Cir. 2001).

### B. Jurisdiction Pursuant to Title 26 U.S.C.A. § 7609(h)

An IRS summons directed to a third-party record keeper is subject to special procedures of the Internal Revenue Code, Title 26 U.S.C. § 7609 *et seq* (1954) (as amended 1982).

Petitioners have a right to challenge the summons in a proceeding to quash as provided by Section 7609(b)(2). The jurisdictional provision relevant to this case is found at Title 26 U.S.C. § 7609(h)(1) which states:

> (1) Jurisdiction.--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

Exhibit A to the Motion is a copy of the summons at issue sent by certified mail to TD Ameritrade, Inc., Custodian of Records, 1005 N. Ameritrade Place, Bellevue, Nebraska 68005. The Declaration of Special Agent Clay Carpenter, IRS, attached to the Motion ("Declaration"), states that SA Carpenter served Ameritrade via certified mail on March 19, 2007. Id. at ¶ 4. Special Agent Carpenter's Declaration further states that he served the petitioner, Mr. Neuger, on March 19, 2007, at 9:24 a.m. by certified mail as well. Id. at ¶ 5. Exhibit B to the Motion contains the receipt for certified service on TD Waterhouse/Ameritrade in Bellevue, Nebraska signed for by Carlos Viza for Ameritrade.

The Tenth Circuit has held that Section 7609(h) is a jurisdiction provision, not one of mere venue, and if the action is brought in a District outside where the person to be summoned resides or is found, the court lacks subject matter jurisdiction. *Pflum v. United States,* 1997 WL 606909, *2 (10th Cir. 1997)(unpublished); *Masat v. United States*, 745 F.2d 985, 987 (5th Cir. 1984).

Courts addressing this issue are uniform in the determination that jurisdiction over taxpayer's petition to quash third-party summonses issued by the IRS third-party record keepers is <u>exclusively</u> in the district where record keepers reside. *Deal v. United States*, 759 F.2d 442, 443

(5th Cir. 1985)(emphasis added); *Maikranz v. United States*, 612 F. Supp. 590, 592 (S.D. Ind. 1985)(District court was not empowered to quash IRS summons issued for entity not residing in its jurisdiction); *Dial v. United States*, 599 F. Supp. 475, 476 (S.D.Tex. 1984)(Federal district court for the Southern District of Texas lacked subject matter jurisdiction over three IRS summonses issued to San Antonio financial institutions, located in the western district of Texas); *Bilodeau v. United States*, 577 F. Supp. 234, 235 (D.C.N.H. 1983)(District court for the District of New Hampshire was without jurisdiction to hear objection to IRS summons issued to Massachusetts bank in connection with tax investigation as bank was not in court's district); *Scharringhausen v. United States*, 2003 WL 21517775, *1 (S.D.Cal. 2003)(District court for the Southern District of California did not have jurisdiction over taxpayer's petition to quash summons issued by IRS to third party, Florida subsidiary of Costa Rican based corporation that did not reside in Southern District of California)(unpublished); *Dennis v. United States*, 660 F. Supp. 870, 873 (C.D.Ill. 1987)(Federal district court was without subject matter jurisdiction to render adjudication concerning validity of summonses issued by IRS to banks and telephone companies which neither resided in nor were found in court's district.)

Although it appears from the submitted documents that the petition should have been filed in Nebraska instead of Colorado, there is no evidence on the critical issue of the **residence** of Ameritrade, whether as to its incorporation locus or its principal place of business. *Arbuthnot v. State Auto. Ins. Ass'n*, 264 F.2d 260, 261 (10th Cir. 1959). Without that information, the court cannot conclude definitively where proper jurisdiction actually lies.

### C. Jurisdiction Pursuant to Title 26 U.S.C. § 7609(b)(2)(A).

The statute governing the timely filing of a taxpayer's petition to quash a third party summons is 26 U.S.C. § 7609(b)(2)(A). It provides:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)..

26 U.S.C. § 7609(b)(2)(A).

Subsection (a)(1) states that the person identified in the summons' description of the records is entitled to notice. *See id.* § 7609(a)(1). In most cases, this person is the taxpayer subject to an income tax investigation. Subsection (a)(2) explains that notice is sufficient if it is personally served upon or mailed by certified mail to the taxpayer. *See id.* § 7609(b)(2). In this case, Exhibit B to the Declaration indicates that the notice was sent by certified mail, receipt for payment for service attached, to Gary Neuger, Beth Neuger, The Neuger Family Trust and Affiliated Psych Science.

A petition to quash a third party summons that is filed more than twenty days after the *mailing* of the summons by the IRS must be dismissed for lack of jurisdiction. *Faber v. United States*, 921 F.2d 1118, 1119 (C.A.10, 1990). *See also Stringer v. United States*, 776 F. 2d 274 (11th Cir. 1985); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985). The courts in *Faber*, *Stringer* and *Ponsford* explain the jurisdictional limitation of section 7609 in terms of a conditional waiver of the government's sovereign immunity. Because any exercise of a court's jurisdiction over the government depends on the government's consent, a statute that waives sovereign immunity must be strictly construed. *Ponsford,* 771 F.2d at 1306; *Stringer,* 776 F.2d at

275 (citing *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). Construing section 7609 strictly, the plain language of the statute indicates motions to quash must be filed within twenty days from the date notice is given. Notice is given on the date it is mailed. *Faber*, 921 F.2d at 1119; *Stringer,* 776 F.2d at 276. The government's waiver of sovereign immunity ends-and thus jurisdiction ends-when the twenty-day limitation period has run. *Id.* at 276; *Ponsford,* 771 F.2d at 1309; *see also Callahan v. Schultz,* 783 F.2d 1543, 1545 (11th Cir. 1986) (government's consent to sue requires strict compliance with twenty-day rule). The period is not extended by Fed. R. Civ. P. 6(e) which would otherwise allow three additional days for service *See Berman v. United States*, 264 F.3d 16, 19 (1st Cir. 2001)(petition filed two days past twenty day deadline); *see also Shisler v. United States*, 199 F.3d 848, 852 (6th Cir. 1999)(petition filed three days past twenty day deadline).

Notice was mailed to Neuger on March 19, 2007; therefore his petition was required to be filed on or before April 8, 2007. After April 8, 2007, the government's waiver of sovereign immunity ended. The petition was filed on April 10, 2007, two days out of time, and after the time the government's waiver of sovereign immunity had ended.

WHEREFORE, for the foregoing reasons, it is hereby

RECOMMENDED that the Defendant's Motion to Dismiss [Doc. No. 9] be GRANTED.

**NOTICE: Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis**

for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge